**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:26-CV-61359-MIDDLEBROOKS/AUGUSTIN-BIRCH**


**HERIBERTO TORRES-ALDANA,**

      **Petitioner,**

**v.**

**WARDEN BROWARD TRANSITIONAL**
**CENTER,** *et al.***,**

      **Respondents.**

_____/

**REPORT AND RECOMMENDATION ON**
**PETITIONER'S SECOND PETITION FOR WRIT OF HABEAS CORPUS**

This cause comes before the Court on Petitioner Heriberto Torres-Aldana's Second Petition for Writ of Habeas Corpus.[1] DE 1. The Honorable Donald M. Middlebrooks, United States District Judge, referred the Second Petition to the undersigned United States Magistrate Judge to take all action required by law. DE 3. The Court ordered Respondents to show cause why Petitioner's Second Petition should not be granted, and Respondents filed a response to the Court's Order to show cause. DE 5. Having carefully considered the briefing and being otherwise fully advised, the Court **RECOMMENDS GRANTING IN PART** Petitioner's Second Petition [DE 1] and ordering Respondents to either afford Petitioner an individualized bond hearing before an immigration judge within five days or release him.

Through his Second Petition, Petitioner requests his immediate release from immigration custody. DE 1. Respondents do not dispute that Petitioner is entitled to a bond hearing before an immigration judge. DE 5. In light of the Eleventh Circuit's opinion in *Hernandez Alvarez v.*

---

[1] It is not apparent to the Court why Petitioner labels his Petition as a "Second Petition." Petitioner makes no mention of a prior habeas petition, and the Court could not locate any prior habeas petition.

*Warden, Fed. Det. Ctr. Mia.,* No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026), and Respondents' concession that Petitioner is entitled to a bond hearing, the Court **RECOMMENDS GRANTING IN PART** Petitioner's Second Petition [DE 1] and ordering Respondents to either afford Petitioner an individualized bond hearing before an immigration judge within five days or release him. The Court does not recommend ordering Petitioner's immediate release from immigration custody given that 8 U.S.C. § 1226(a), the statute Petitioner is detained under,[2] affords discretion as to whether a non-citizen is detained or released. *See* 8 U.S.C. § 1226(a)(1)–(2) (explaining that, pending a removal decision, the Attorney General may either continue to detain the non-citizen or release the non-citizen); 8 C.F.R. § 236.1(d)(1) ("[T]he immigration judge is authorized to exercise the authority. . . to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released . . . .").

Although a party normally has fourteen days to serve and file written objections to any of the findings and recommendations in a report and recommendation, *see* 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a), the circumstances of this matter, including Respondents' concession, warrant a shorter objection period. Within **three (3) days** of being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 14th day of May, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner acknowledges that "his detention is administered under 8 U.S.C. § 1226(a) during the pendency of his [Board of Immigration Appeals] appeal." DE 1 ¶ 39.